UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR FERNANDEZ,

    Petitioner,

v.                                        Case No: 2:16-cv-404-FtM-29CM
                                           Case No. 2:03-CR-113-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #271)[1] filed on May 26, 2016. The government filed a Response to Petitioner's Motion (Cv. Doc. #6) on July 13, 2016. Petitioner filed a Reply (Cv. Doc. #10) on November 2, 2016.

**I.**

On October 1, 2003, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) charging Victor Fernandez (Petitioner) and others in Count One with knowingly and willfully conspiring to possess with intent to distribute one thousand kilograms or more of marijuana in violation

_____

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) and in Count Two with knowingly and willfully possessing with intent to distribute one hundred kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii).

On January 26, 2004, Petitioner entered into a written plea agreement as to Count Two of the Indictment. (Cr. Doc. #119.) On January 29, 2004, the guilty plea was accepted and Petitioner was adjudicated guilty as to Count Two. (Cr. Doc. #132.) Petitioner was scheduled to be sentenced on April 26, 2004. (Cr. Doc. #132.) On March 19, 2004, a Magistrate Judge issued an arrest warrant for Petitioner for his failure to report to his Pretrial Services Officer and for leaving the United States in violation of the conditions of his pretrial release. (Cr. Doc. #152.)

On May 3, 2004, the Court sentenced Petitioner *in absentia* to a term of imprisonment of 151 months as to Count Two, followed by a term of supervised release and a special assessment of $100.00. (Cr. Doc. #197, 11:17-12:11.) The government dismissed Count One at the sentencing hearing. (Id., 13:4-10.) Petitioner was apprehended on March 17, 2015. (Cr. Doc. #251.) On May 26, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Judgment and Sentence Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #1; Cr. Doc. #271), to which the government filed a Response (Cv. Doc. #6) on

July 13, 2016 and Petitioner filed a Reply (Cv. Doc. #10) on November 2, 2016.

**II.**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a federal prisoner files a direct appeal of a conviction and sentence, the sentence becomes final 90 days after "the entry of judgment on direct appeal and the expiration of the certiorari period." Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).

The Eleventh Circuit dismissed Petitioner's direct appeal on September 23, 2004. (Cr. Doc. #210.) Whether or not Petitioner filed a petition for certiorari, he "gets the benefit of up to 90 days between the entry of judgment on direct appeal and the expiration of the certiorari period." Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Therefore, Petitioner's conviction became final ninety days after his appeal was dismissed, and Petitioner had through December 22, 2004 to file his federal habeas petition. Giving Petitioner the benefit of the mailbox rule[1], the motion under § 2255 was signed and executed on May 23, 2016. (Cv. Doc. #1; Cr. Doc. #271.) As a result, the motion is untimely from the date Petitioner's conviction became final. 28 U.S.C. § 2255(f)(1).

The Court will also consider whether a later date may apply under § 2255(f) because Petitioner seeks the retroactive application of the rights recognized in Padilla v. Kentucky, 559 U.S. 356 (2010). However, in Chaidez v. United States, 568 U.S. 342, 358 (2013), the Supreme Court held that Padilla does not apply retroactively to cases on collateral review. Thus, the alternative start date to the one-year limitation under §

---

[1] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

2255(f)(3) is inapplicable, and Petitioner's Motion is due to be dismissed as time-barred.

Petitioner argues that his Petition is not time-barred because he was involuntarily sentenced *in absentia*, thus altering the applicable § 2255 limitations period. According to Petitioner's affidavit, prior to his sentencing hearing, Petitioner's sister-in-law and uncle "had been kidnapped and were being held for ransom" in El Salvador. (Cv. Doc. #15, p. 1.) Thus, Petitioner left the United States for El Salvador to pay the ransom and to "free [his] family members . . . ." (Id.) Petitioner contends that these "'uncontrollable circumstances'" made it "impossible to comply with the release agreement" and be present at his sentencing hearing. (Cv. Doc. #13, p. 1.) The Court disagrees.

Federal Rule of Criminal Procedure Rule 43(c)(1)(B) provides that a defendant may be sentenced *in absentia* "in a noncapital case, when the defendant is voluntarily absent during sentencing." Although the circumstances in El Salvador were beyond Petitioner's control, they did not make it impossible for Petitioner to attend his sentencing hearing, nor did they render Petitioner's absence involuntary. Indeed, while there is only minimal case law examining what constitutes an involuntary absence from sentencing, courts have typically only found defendants involuntarily absent when the defendant is incapable of attending. See United States

v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001) (holding that defendant was involuntarily absent "during the periods of time when [he] was hospitalized"); United States v. Achbani, 507 F.3d 598, 602 (7th Cir. 2007) (noting that "a defendant taken into legal custody" or "a defendant who has been hospitalized due to illness" is involuntarily absent); United States v. Melo-Valencia, No. CR 04-2197 JB, 2010 WL 2977619, at *4 (D.N.M. June 28, 2010) (finding defendant involuntarily absent because the United States Border Patrol prevented the defendant from entering the United States for sentencing, even though he would have "voluntarily present[ed] himself for sentencing if he could"). Here, Petitioner was not incapable of being present at the sentencing hearing, but instead left the United States without notifying the Court in violation of his pretrial release. Thus, for the reasons set forth supra, Petitioner's Motion is time-barred and will therefore be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #271) is **DISMISSED as time-barred**.

2. The Clerk of the Court shall enter judgement accordingly, terminate any pending motions, and close the civil file. The

Clerk is further directed to place a copy of the civil judgment in the criminal file.

3. Petitioner's Motion to Amend and Supplement (Doc. #13) and Motion to Expand the Record Pursuant to Rule 7 Governing Motions Under § 2255 (Doc. #14) are **DENIED** as moot as the original motion is dismissed as time-barred.

4. Petitioner's Petition for Writ of Mandamus (Doc. #16) and Motion for Due Process (Doc. #17) are also **DENIED** as moot as a decision has now been rendered.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of September, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA