UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR FERNANDEZ,

    Petitioner,

v.                             Case No: 2:16-cv-404-FtM-29CM
                                Case No. 2:03-CR-113-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion for Reconsideration Order Under Rule 59(e) (Doc. #20) filed on September 25, 2018. No response has been filed, and the time to respond has expired.

On September 5, 2018, the Court issued an Opinion and Order (Doc. #280) dismissing petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #271) as time-barred. The Court noted that petitioner's deadline was December 22, 2004, and his motion was not filed until May 23, 2016.

Petitioner argues that the Court made a clear error by dismissing his petition as untimely because the time should have been equitably tolled. Petitioner argues that he faced extraordinary circumstances from March 17, 2015, when he was apprehended, until March 26, 2016 when he was transferred to the

custody of the Bureau of Prisons to commence his sentence. petitioner argues that he is entitled to a hearing because his account of the events differs from the Court's statements. The Court disagrees.

A Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). See also Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is reasonable diligence, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin, 633 F.3d at 1267.

The relevant time period for equitable tolling was in 2004, and immediately thereafter. The period from March 2015 through March 2016 is entirely irrelevant since there is no explanation for what happened during the preceding decade that prevented petitioner from filing. As petitioner cannot show that he

diligently pursued relief but was prevented from timely filing in 2004, the Court finds no basis for reconsideration.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion for Reconsideration Order Under Rule 59(e) (Doc. #20) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of October, 2018.

                                                      JOHN E. STEELE
                                                     SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA